IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PAUL NEUMANN, | No. 2:14-CV-2190-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security.  Pending before the court are: (1) plaintiff's motion for summary judgment (Doc. 11); and (2) defendant's motion to remand (Doc. 21).

In his motion for summary judgment, plaintiff claims that the Administrative Law Judge ("ALJ") erred in the following three ways: (1) the ALJ failed to provide specific and legitimate reasons for rejecting treating medical source opinions; (2) the ALJ improperly rejected plaintiff's testimony; and (3) the ALJ improperly rejected complaints of fatigue.  Defendant concedes that error occurred and argues that the matter should be remanded.  According to

1

1    plaintiff, he is entitled to a direct award of benefits.

2           Generally, a social security cases should be remanded for further proceedings if such proceeding can remedy the defects in the original agency proceedings.  See Lewin v. Schweiker, 654 F.2d 631 (9th Cir. 1981); see also Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1099 (9th Cir. 2014).  The Social Security Act, however, empowers the court to affirm, modify, or reverse a decision by the Commissioner "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); see Garrison v. Colvin, 759 F.3d 995 (9th Cir. 2014).  The Ninth Circuit has articulated a three-part test for determining when it is appropriate to order a direct award of benefits.  See id.  The test is met if all of the following are true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) the ALJ on remand would be required to find the claimant disabled if the improperly rejected or discredited evidence were credited as true.  See id.  Even if this test met, district courts have flexibility in determining whether to order a direct award of benefits. See id. at 1021.  Specifically, a direct award of benefits is not appropriate when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."  Id.; see also Strauss v. Comm'r of Soc. Sec., 635 F.3d 1135, 1138 (9th Cir. 2011) (noting that a claimant "is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be").

           In this case, the ALJ's analysis concluded at the first step in the sequential disability analysis when the ALJ concluded that plaintiff does not have a severe impairment.  As defendant notes:

> . . .The ALJ did not make an initial residual functional capacity (RFC) finding, or a finding as to whether Plaintiff can perform his prior relevant work or other work.  As a result, the record is incomplete and does not include sufficient information to evaluate Plaintiff's disability. The agency should be given the opportunity to consider the remaining steps of the five-step sequential evaluation process in the first instance.

The court agrees and finds that an order for direct payment of benefits is inappropriate in this case because the record has not been fully developed.  See Garrison, 759 F.3d 995.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion for summary judgment (Doc. 11) be granted;
2. Defendant's motion to remand for further administrative proceedings (Doc. 21) be granted; and
3. This matter be remanded for further administrative proceedings which shall include but not be limited to re-evaluation of the medical opinion evidence, including the opinions of treating providers, and re-evaluation of plaintiff's testimony of subjective complaints.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 12, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE