UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ERIC PAUL NEUMANN, | No. 2:14-CV-2190-KJM-CMK |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

      Plaintiff Eric Neumann brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). On April 25, 2016, the court adopted the assigned magistrate judge's findings and recommendation that the court grant plaintiff's unopposed motion for summary judgment. ECF No. 27 ("Prev. Order"). However, the court declined to adopt the recommendation to remand the case for further administrative proceedings, and instead remanded the case for an award of benefits. *Id.* Judgment was entered in accordance with the court's order on the same day. ECF No. 28. Defendant Commissioner of Social Security now moves under Federal Rule of Civil Procedure 59(e) to alter or amend the court's order and judgment to remand the matter for further administrative proceedings. Mot. Amend J. ("Mot."), ECF No. 29. The court submitted the matter as provided by Local Rule 230(g). As explained below, the court DENIES defendant's motion.

1

I.    APRIL 25, 2016 ORDER

In its April 25, 2016 order, this court granted summary judgment for plaintiff because, "as defendant concede[d], the ALJ failed to provide sufficient reasons supported by substantial evidence for discrediting plaintiff's testimony or the medical opinions of the treating physicians." Prev. Order 5.  Indeed, the ALJ entirely ignored the medical opinions of the two treating physicians, Dr. Campbell and Dr. Chan.  *See* Ct. Tr. 12–17, ECF Nos. 9-3 to 9-8.

This court next considered the appropriate remedy and found the direct award of benefits appropriate under the Ninth Circuit's three-part "credit-as-true" rule.  Prev. Order 6. Under this rule, a court may remand for the award of benefits only if each of the following is true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) the ALJ on remand would be required to find the claimant disabled if the improperly rejected or discredited evidence were credited as true. *Id.* at 5–6; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Even if this test is satisfied, a direct award of benefits is not appropriate when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1108 (9th Cir. 2014).

Applying these standards, the court first "[found] the record ha[d] been fully developed and ha[d] no factual conflicts, ambiguities, or gaps that would require further administrative proceedings."  Prev. Order 6 (citing *Treichler*, 775 F.3d at 1103–04).  The court explained:

> The vocational evidence establishes plaintiff is disabled under [Medical-Vocational Guidelines Rule ("Grid Rule")] 202.06[1] if he is limited to light or sedentary exertional work. The medical opinions of two treating physicians (Dr. Campbell and Dr. Chan), the consultative examiner (Dr. Miller), and a state agency medical consultant (Dr. Arnold), as well as plaintiff's testimony, in turn,

---

[1] Grid Rule 202.06 directs a finding of "disabled" if the claimant is over the age of fifty-five, the claimant is limited to light or sedentary work, the claimant's education of a high school degree or above does not provide for direct entry into skilled work, and the claimant's previous work was skilled or semi-skilled and the skills of that work are not transferable to other jobs.

2

> each suggest plaintiff is limited to light or sedentary exertional work. The only opinion placing plaintiff above a light exertional level is the initial state agency consultant, who was subsequently overruled on reconsideration by the second state agency consultant. Accordingly, plaintiff's entitlement to benefits under Grid Rule 202.06 is clear from the record.

*Id.*

The court next found the ALJ "failed to provide legally sufficient reasons for rejecting plaintiff's testimony or the medical opinions of Dr. Campbell, Dr. Chan, Dr. Miller or Dr. Arnold." *Id.* As to the third factor, the court found "the ALJ on remand would be required to find plaintiff disabled under Grid Rule 202.06 if plaintiff's testimony and the [physicians'] medical opinions [were] credited as true." *Id.* Moreover, "in light of the overwhelming evidence that plaintiff is disabled, and for the reasons provided in plaintiff's objections, the court [did] not find the record as a whole create[d] serious doubt that plaintiff is in fact disabled." *Id.* (internal citation omitted). The court rejected defendant's arguments that remand was necessary to further develop the vocational aspects of the record and to allow the ALJ to re-examine the medical opinion evidence and plaintiff's testimony of subjective complaints in the first instance. *Id.* at 6–7. Finally, the court distinguished the facts of this case from those in *Treichler*. *Id.* at 7.

II.     LEGAL STANDARD

There are four grounds upon which a court may grant a motion to amend a judgment under Rule 59(e): "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citation, and emphasis omitted). A district court has "considerable discretion" when considering a motion under Rule 59(e). *Id.* However, amending a judgment is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Moreover, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments

3

or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) (motions for reconsideration should not be used to make new arguments not originally raised or "to ask the court to rethink what is has already thought").

Here, defendant has not submitted any new evidence to support its claim, and there has not been a change in controlling law. Rather, defendant requests the court grant the motion to correct manifest errors of law or fact upon which the judgment is based, and to prevent manifest injustice. Mot. 1. Specifically, defendant argues that the court's decision to remand for payment of benefits constitutes a manifest error of law, and that paying a claimant benefits when he has not satisfied the statutory requirements to receive those benefits is also a manifest injustice. *Id.* at 10.

III.   DISCUSSION

Defendant advances four arguments in support of reconsideration: First, the record was not fully developed, because the ALJ stopped at step two of the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled, *see* 20 C.F.R. § 404.1520(a), and did not make any residual functional capacity ("RFC") or vocational findings, as required at the later steps of the process. Mot. 4–8. Second, it is not clear plaintiff is disabled under Grid Rule 202.06, because there are ambiguities in the record as to whether plaintiff can perform medium or light work. *Id.* at 6–8. Third, it is not clear plaintiff is disabled under Grid Rule 202.06, because there is conflicting evidence as to whether plaintiff has transferable vocational skills. *Id.* at 8–9. Specifically, while the vocational expert at the ALJ hearing testified that plaintiff did not have transferable skills, the Disability Determination Services ("DDS") analyst at the reconsideration level had found he had transferable skills. *Id.* Finally, given the amount of time that has passed since the ALJ's decision, remand is appropriate to further develop the record with respect to plaintiff's current medical condition and treatment records. *Id.* at 10.

Defendant previously raised her first two arguments in response to plaintiff's objections to the magistrate judge's February 12, 2016 findings and recommendations, and the

court in its April 25, 2016 order considered and rejected those arguments.  *See* Resp. to Pl.'s Objections 2, ECF No. 25; Prev. Order 4, 6–7.  As the court explained in its prior order, "allowing the ALJ to have a mulligan" does not support remand for a "useful purpose" under the first part of the credit-as-true analysis.  Prev. Order 7 (quoting *Garrison*, 759 F.3d at 1021); *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the [RFC] again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").  And contrary to defendant's assertion, in making its determination to remand for payment of benefits, the court did consider the evidence defendant again identifies, such as the July 2013 bone scan and plaintiff's reports of his daily activities.  *See* Resp. to Pl.'s Objections 2–3; Mot. 7; Prev. Order 2–3.  The court concluded the record as a whole did not create serious doubt that plaintiff is in fact disabled.  Prev. Order 6.  Defendant's motion offers no reason for the court to change its determination other than mere disagreement with that decision, an insufficient basis to grant a Rule 59(e) motion.  *See Arteaga*, 733 F. Supp. 2d at 1237.

With respect to defendant's remaining arguments—that there is conflicting evidence as to whether plaintiff has transferable vocational skills, and that remand is appropriate in light of the time that has passed since the ALJ's decision—defendant has not identified any reason she could not have raised these arguments before now.  *See Exxon Shipping Co.*, 554 U.S. at 485 n.5; *Arteaga*, 733 F. Supp. 2d at 1236.  Even if the court were to consider these new arguments, they are unpersuasive.  Defendant relies only on a single district court decision to support her third argument, and that case is factually distinguishable.  Mot. 9 (citing *McAndrews v. Colvin*, No. 13-3099, 2014 WL 5089745 (E.D. Wash. Oct. 9, 2014)).  In *McAndrews*, the court determined it would be inappropriate to apply the credit-as-true rule because two qualified vocational experts had offered the ALJ conflicting opinions.  *Id.* at *5.  Here, by contrast, the only evidence that conflicts with the opinion of the qualified vocational expert is the opinion at the reconsideration level of the DDS Analyst, who is not a qualified vocational expert.  At the administrative hearing, the ALJ noted that he "like[s] to have a vocational expert" testify, because "[he] [doesn't] know the qualifications that people who make those determinations for

DDS [have]. . . . Sometimes they're wrong." Ct. Tr. 29.  As to defendant's fourth argument, defendant cites no case law supporting her position.  Although certain regulations provide that the Appeals Council or ALJ on remand "may" consider any issues relating to the plaintiff's claim, *see, e.g.*, 20 C.F.R. § 404.984(a), the regulations cited by defendant do not direct a district court to remand a case for further administrative proceedings simply because time has passed since the ALJ's decision.  *See* Mot. 10.

Having carefully considered the applicable legal standards and conducted a searching review of the record, the court concludes it did not commit a manifest error of law or work a manifest injustice by applying the credit-as-true rule here.  *See Turner*, 338 F.3d at 1063.

IV.     CONCLUSION

For the foregoing reasons, defendant has not met her burden of showing that the "extraordinary remedy" of amending the judgment is warranted.  *See Kona Enters., Inc.*, 229 F.3d at 890.  The court DENIES defendant's motion to alter or amend the court's April 25, 2016 order and judgment.

IT IS SO ORDERED.

DATED:  September 9, 2016.

_____
UNITED STATES DISTRICT JUDGE

6