MARK H. LIPTON (SBN: 51010)
1380 Lead Hill Blvd., Ste. 106
Roseville, CA 95661
Telephone: (916) 652-2221
Facsimile:  (916) 673-6118
liptonapc@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC P. NEUMANN,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>        Defendant. | NO.2:14-cv-02190 KJM-CMK<br><br>STIPULATION AND ORDER<br>FOR THE AWARD OF ATTORNEY FEES<br>PURSUANT TO THE EQUAL ACCESS TO<br>JUSTICE ACT [28 U.S.C. § 2412(d)] |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the EAJA in the amount of SEVEN THOUSAND FIVE HUNDRED ($7,500.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412.

    After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees

STIPULATION TO PAY ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [28 U.S.C. § 2412(d)]

and expenses is entered, the government will determine whether they are subject to any offset. Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Mark H. Lipton, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Dated: October 26, 2016

Respectfully submitted,

*/s/ Mark H. Lipton*_____
MARK H. LIPTON
Attorney for Plaintiff


PHILLIP A. TALBERT
Acting United States Attorney
DEBORAH STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

Dated: October 26, 2016        */s/ Marla Letellier*_____
(As authorized via email on 10/26/16)
Special Assistant United States Attorney

/ / / / / / /

/ / / / / / /

2

STIPULATION TO PAY ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [28 U.S.C. § 2412(d)]

# ORDER

Pursuant to the Stipulation it is so ordered.

Dated: November 3, 2016

_____
UNITED STATES DISTRICT JUDGE

STIPULATION TO PAY ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [28 U.S.C. § 2412(d)]